IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JESSE L. LOSEY,

   Plaintiff,

v.                 CIVIL ACTION NO.: CV612-078

DANNIE THOMPSON, Warden;
TIFFANY NAIL; LINDA BASS;
and GWENDOLYN BROWN,

   Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, filed a cause of action, through counsel, pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Defendant Dannie Thompson filed a Motion to Dismiss Plaintiff's Second Amended Complaint.[1] Plaintiff filed a Response, and Defendant Thompson filed a Reply. For the reasons which follow, Defendant Thompson's Motion should be **GRANTED**. Plaintiff's Motion for Oral Argument (Doc. No. 6) is **DENIED**.

## STATEMENT OF CASE

Plaintiff asserts that he was raped by a fellow inmate while he was housed at Smith State Prison ("SSP"). Plaintiff contends that Defendant Thompson, the former Warden, was responsible for the safety and security of all inmates at SSP, as well as for

---

[1] Plaintiff filed a First Amended Complaint, and Defendant Thompson filed a Motion to Dismiss Plaintiff's First Amended Complaint. In light of Plaintiff's Second Amended Complaint, Defendant Thompson's Motion to Dismiss Plaintiff's First Complaint should be **DISMISSED** as moot.

AO 72A
(Rev. 8/82)

diagnostic and security classifications, housing and cellblock assignments, segregation of inmates who were high-risk or incompatible, and otherwise monitoring and regulating the inmate population. (Doc. No. 5, ¶ 11). Plaintiff also contends that Defendant Thompson knew that he was improperly classified and should not have been sent to SSP. Plaintiff further contends that Defendant Thompson knew there was a danger of assaults when non-violent offenders and other low security risk inmates were placed in the same facility as violent, high security risk offenders.[2]

Defendant Thompson alleges that Plaintiff fails to set forth facts sufficient to support an Eighth Amendment claim for deliberate indifference to his safety. Defendant Thompson also alleges that he cannot be held vicariously liable based on his supervisory position. Finally, Defendant Thompson alleges that he is entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

---

[2] Plaintiff was convicted of attempted murder and was given a "close security" classification. According to Defendant Thompson, SSP could house inmates up to a "close security" level. (Doc. No. 24, p. 2, n.1).

2

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant Thompson avers that Plaintiff fails to allege that he (Defendant Thompson) was subjectively aware of any particular risk to Plaintiff's safety. Defendant Thompson states that Plaintiff alleges that Defendant Thompson and other correctional officers failed to protect him from an inmate who may have posed a generalized risk to Plaintiff and the other inmates. Defendant Thompson also states that Plaintiff concedes that it was only after Plaintiff chose to go to Reggie Whitehead's cell to use a contraband cell phone that Plaintiff was put in danger. Defendant Thompson states that Plaintiff does not allege that Defendant Thompson placed or ordered that Plaintiff be placed in a cell with inmate Whitehead.

In response, Plaintiff reiterates the allegations in his Second Amended Complaint, which Plaintiff asserts satisfies the legal requirements for an Eighth Amendment claim against Defendant Thompson.[3] Plaintiff contends that Defendant Thompson had subjective knowledge that Plaintiff faced a substantial risk of assault "and other unsafe conditions" because Plaintiff was improperly classified and in a

---

[3] Plaintiff states that he has not sued Defendant Thompson under a theory of supervisory liability for the acts of his subordinates. (Doc. No. 10, p. 14).

dangerous place where he did not belong. (Doc. No. 10, p. 13). Plaintiff also contends that Defendant Thompson's knowledge that he (Plaintiff) did not belong at SSP, coupled with Defendant Thompson's failure to transfer Plaintiff to another institution, "can be construed as deliberate indifference." (Id. at p. 14).

Defendant Thompson contends that, to the extent Plaintiff's claim stems from misclassification, such a claim constitutes negligence, at best. Defendant Thompson also contends that Plaintiff's Response to his Motion conveniently ignores the fact that Plaintiff initiated contact with inmate Whitehead.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313,1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words,

"to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

There is no assertion before the Court which supports a plausible finding that Defendant Thompson was aware of a risk to Plaintiff's safety and that he disregarded that risk. Even assuming that Defendant Thompson should have known that Plaintiff faced a risk to his safety, there is no allegation before the Court that Defendant Thompson did know of this risk. The Eleventh Circuit Court of Appeals has made it clear that "a state official acts with deliberate indifference when he disregards a risk of harm of which he is *actually aware*." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (emphasis in original) (citing Farmer, 511 U.S. at 836). There are no allegations that Plaintiff was harmed in any manner or faced a risk of harm to his safety from inmate

5

Whitehead or any other inmate prior to July 8, 2010 (the date of the alleged rape), and Plaintiff had been housed at SSP since November 2009. (Doc. No. 5, ¶ 6). In addition, the facts of the case are that Plaintiff entered inmate Whitehead's cell of his own volition in an effort to use inmate Whitehead's contraband cell phone, and it was only after Plaintiff's actions that inmate Whitehead allegedly harmed him. (Doc. No. 5, ¶ 31).

Furthermore, allegations of a jail official's generalized awareness that someone is "a 'problem inmate' with a well-documented history of prison disobedience and [is] prone to violence" is not enough to show [his] subjective awareness that the inmate poses a substantial risk of serious harm" to other inmates. Gross v. White, 340 F. App'x 527, 531 (11th Cir. 2009) (citing Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)). Even accepting Plaintiff's assertions regarding inmate Whitehead's reputation and considering whether it would have been safer to confine Plaintiff in a separate institution or unit in SSP, Plaintiff does not allege enough to show deliberate indifference on Defendant Thompson's part. Gross, 340 F. App'x at 532 (citing Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990), for the proposition that merely negligent failure to protect an inmate from attack does not justify liability under section 1983). At best, Plaintiff's allegations against Defendant Thompson set forth a negligence claim, and a state law tort claim is an insufficient basis upon which to sustain a cause of action pursuant to section 1983.

It is unnecessary to address the remaining portions of Defendant Thompson's Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Thompson's Motion to Dismiss be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of October, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)