IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JESSE L. LOSEY,                           :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :        CIVIL ACTION NO.: CV612-078
                                          :
DANNIE THOMPSON, Warden;                  :
TIFFANY NAIL; LINDA BASS;                 :
and GWENDOLYN BROWN,                      :
                                          :
            Defendants.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, filed a cause of action, through counsel, pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Defendants Linda Bass, Gwendolyn Brown, and Tiffany Nail ("Movants") filed a Motion for Judgment on the Pleadings. Plaintiff filed a Response. For the reasons which follow, Movants' Motion should be **GRANTED**.

## STATEMENT OF CASE

Plaintiff asserts that a fellow inmate, Reggie Whitehead, raped him while he was housed at Smith State Prison ("SSP"). Plaintiff contends that either Defendant Nail or Defendant Bass were the officers who were to perform a census count and security check in the dorm in which Plaintiff was housed. Plaintiff asserts that Defendant Nail did not perform a proper count or check on the night of the alleged rape, and she

window of inmate Whitehead's cell but did not look into the cell or intervene. Plaintiff contends that Defendant Brown knew that Defendant Nail did not perform a proper count or check, yet Defendant Brown falsely documented that an official count was taken.

Movants allege that Plaintiff fails to state Eighth Amendment claims against them. Movants also allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A court accepts all the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010). "Judgment on the pleadings is appropriate when no material facts are in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Scottsdale Ins. Co. v. Pursley, No. 11-12808, 2012 WL 3553405, at *1 (11th Cir. Aug. 20, 2012) (citing Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002)).

"A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994). The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled. Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Co. v. Twombly, 550 U.S. 544, 570 (2007). A formal recitation of the elements of a cause of action is not sufficient without adequate factual

AO 72A
(Rev. 8/82)

allegations stating a plausible claim for relief. <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295 (11th Cir. 2007).

## DISCUSSION AND CITATION TO AUTHORITY

Movants aver that Plaintiff makes no allegation that they were subjectively aware of a particular risk to Plaintiff's safety. Movants assert that Plaintiff's allegations that they did not conduct a proper count and did not know he was in danger do not rise to the level of deliberate indifference. Movants also assert that Plaintiff's allegations against Defendant Bass are that she was responsible for security operations in the dormitory and that all Movants should have conducted an official count on the night Plaintiff allegedly was raped. Movants allege that Plaintiff's remaining claims against Defendant Bass are conclusory and should be ignored. At most, Movants contend, Plaintiff's allegations against them establish claims for negligence, not claims of deliberate indifference.

Plaintiff asserts that knowingly disregarding one's duties and disobeying orders to the extent of falsifying records can be construed as deliberate indifference. Plaintiff asserts that he alleged that Defendant Nail either looked into inmate Whitehead's cell and did not care about what she saw, or she did not care to look at all. Plaintiff asserts that Movants owed a duty to secure the cellblock and to perform the duties imposed by policy.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious

3

harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313,1319 (11th Cir. 2005)). "To be deliberately indifferent [ ] prison official[s] must know of and disregard 'an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of [ ] prison official[s], a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official[s] acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a

AO 72A
(Rev. 8/82)

sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

There is no assertion before the Court which supports a plausible finding that Movants were aware of a risk to Plaintiff's safety and that they disregarded that risk. Even accepting the allegations in Plaintiff's Complaint as true, which the Court must do when considering a motion for judgment on the pleadings, Plaintiff's allegations against Movants set forth claims for negligence, not deliberate indifference. The Eleventh Circuit Court of Appeals has made it clear that "state official[s] act[ ] with deliberate indifference when [they] disregard[ ] a risk of harm of which [they are] *actually aware*." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (emphasis in original) (citing Farmer, 511 U.S. at 836). There are no allegations that Plaintiff was harmed in any manner or faced a risk of harm to his safety from inmate Whitehead or any other inmate prior to July 8, 2010, and Plaintiff had been housed at SSP since November 2009. (Doc. No. 5, ¶ 6). In addition, the facts of the case are that Plaintiff entered inmate Whitehead's cell of his own volition in an effort to use inmate Whitehead's contraband cell phone, and it was only after Plaintiff's actions that inmate Whitehead allegedly harmed him. (Doc. No. 5, ¶ 31).

Furthermore, allegations of jail officials' generalized awareness that someone is "a 'problem inmate' with a well-documented history of prison disobedience and [is] prone to violence" is not enough to show [their] subjective awareness that the inmate poses a substantial risk of serious harm" to other inmates. Gross v. White, 340 F. App'x 527, 531 (11th Cir. 2009) (citing Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)). Plaintiff's allegations do not rise to the level of asserting a constitutional

AO 72A
(Rev. 8/82)

violation. In fact, based on the terminology Plaintiff uses in his Response to Movants' Motion, it appears clear that Plaintiff recognizes that his allegations establish a state law tort claim.

It is unnecessary to address the remaining portion of Movants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Judgment on the Pleadings filed by Defendants Bass, Brown, and Nail be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)